UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL ALLRED,<br><br>    Plaintiff,<br><br>    v.<br><br>INNOVA EMERGENCY MEDICAL ASSOCIATES, P.C., et al.,<br><br>    Defendants. | Case No. 18-cv-03633-WHO<br><br>**ORDER DENYING MOTION FOR ATTORNEY FEES AND COSTS, TRANSFERRING CASE TO THE DISTRICT OF COLORADO**<br><br>Re: Dkt. Nos. 28, 29 |

On October 10, 2018, I granted Innova Emergency Medical Associates, P.C. ("Innova") and Stephen Sherick's motion to dismiss Kendall Allred's complaint because it was filed in the wrong place: the contract at issue contains a forum selection provision requiring that any litigation occur in Denver, Colorado. [Dkt. No. 26]. I gave Allred seven days to decide if he preferred that his lawsuit be dismissed or transferred to the United States District Court for the District of Colorado sitting in Denver, Colorado. Allred opted for transfer. Innova then filed an emergency notice and motion for attorney fees and costs and requested that transfer be delayed. [Dkt. Nos. 28, 29].

Innova argues that the terms of the Physician Employment Agreement ("PEA"), on which its motion to dismiss was based, entitled it to attorney fees and costs. Motion for Attorney Fees and Costs [Dkt. No. 29] 2-3. The PEA contains a clause titled "Attorney Fees" which states: "If suit is necessary to enforce any of the provisions of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs of suit." PEA attached as Exhibit A to Mot. [Dkt. 29-1] ¶ 14.

Allred's position in this litigation is that the PEA is void and unenforceable. Opposition to Motion for Attorney Fees and Costs ("Oppo.") [Dkt. No. 32] 6-10; Complaint attached as Exhibit

1 to the Notice of Removal [Dkt. No 1]; Opposition to Motion to Dismiss [Dkt. No. 15]. In opposing this motion, he also argues that awarding fees at this moment would be premature under the terms of the PEA and in accordance with California and Colorado law. Oppo. 6-10.

While I will still not consider Allred's argument regarding the unenforceability of the contract, I agree with him that it would be premature to award fees. Under California law, an involuntary dismissal for improper venue does not operate as an adjudication on the merits. *Mitchell v. Wells Fargo Bank, N.A.*, Case No. 13-4017-KAW, 2014 WL 1320295, at *2 (N.D. Cal. Apr. 1, 2014) (internal quotation omitted) (granting fees after dismissal with prejudice on the merits). California Civil Code section 1717 requires a decision on the merits of a party's contract claims for a "prevailing party" to be entitled to fees, even where the contract contains a similar fee shifting provision to the one contained in the PEA. *Laurel Vill. Bakery, LLC v. Glob. Payments Direct, Inc.*, No. C06-1332 MJJ, 2007 WL 4410396, at *4 (N.D. Cal. Dec. 14, 2007) (denying fees related to a successful motion to dismiss based on a forum selection clause). Determining which litigant is the prevailing party requires a "comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." *Lafferty v. Wells Fargo Bank*, No. C074843, 2015 WL 1383659, at *4 (Cal. Ct. App. Mar. 26, 2015) (internal citations and quotation marks omitted) (denying fees for costs of appeal where the case was remanded to await a trial on the merits). Colorado similarly defines a "prevailing party" in a breach of contract case as "the party in whose favor the decision or verdict on liability is rendered[.]" *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 332 (Colo. 1994) (awarding fees after plaintiff obtained a jury verdict in its favor).

In its motion and reply, Innova cites three cases in support of its argument that I should interpret the PEA's fee shifting provision and grant its motion as the prevailing party now. *See Swartz v. Turner*, No. 1:14-CV-597-CL, 2014 WL 6490515 (D. Or. Nov. 19, 2014); *Jim Cooley Const., Inc. v. N. Am. Const. Corp.*, 46 F.3d 1151 (10th Cir. 1995); *LesCare Kitchens, Inc. v. Home Depot U.S.A., Inc.*, No. 3:98CV1354 (GLG), 1998 WL 720536 (D. Conn. Sept. 29, 1998). These cases are not on point because the validity of the underlying contracts is not at issue in any of them. *See Cooley Const., Inc.*, 46 F.3d at 1151 ("[Plaintiff] does not defend on the ground the

2

agreement is unenforceable."). None of these cases is controlling and none interprets California or Colorado law.

In this case, there has been no decision on the merits of Allred's contract claims or Innova's liability. My previous order dismissing his suit pursuant to the PEA's forum selection clause is not an adjudication on the merits as a matter of law. Moreover, awarding Innova fees and costs now would require me to further interpret a contract whose validity is the crux of this case. One of my colleagues in federal district court in Denver, Colorado will determine the PEA's validity. If that judge finds that the PEA is void and unenforceable, that would likely preclude recovery by Innova. If the PEA is valid, then defendants would likely be entitled to their fees in litigating the case, including the motion to dismiss over the forum selection clause. As the PEA's validity is dispositive of this motion, it would be premature for me to consider awarding fees.

Innova's motion for attorney fees and costs is denied. The clerk of court is directed to transfer this case to the federal district court sitting in Denver, Colorado.

**IT IS SO ORDERED.**

Dated: November 29, 2018



William H. Orrick
United States District Judge